[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DEFENDANT'S MOTION FOR CONTEMPT, MODIFICATION and ORDER POST JUDGMENT (125) and PLAINTIFF'S MOTION TO MODIFY ALIMONY POST-JUDGMENT (129)
The parties' marriage was dissolved by judgment entered October 1, 1992. The judgment ordered the plaintiff to pay to the defendant periodic alimony of $1,000 monthly on the first of each month until her death, his death, her remarriage or cohabitation under the statute. He was also ordered to carry $25,000 of life insurance on his life naming the defendant beneficiary for as long as he is paying alimony. He was also ordered to transfer one-half of his interest in his Town of Greenwich Pension Plan, as of the decree date.
By order to show cause served on the plaintiff September 1, 1999 the defendant alleged that the plaintiff failed to provide proof of the life insurance and that part of his pension was not transferred as ordered by the court and moved to have the plaintiff held in contempt. The defendant also sought an increase in the periodic alimony award.
On September 16, 1999 the plaintiff served a motion seeking to terminate or reduce his monthly alimony obligation because of a substantial change in his financial circumstances.
Subsequently the plaintiff's pension was divided to comply with the judgment. The defendant's share is $486.94 monthly (Defendant's Exhibit F).
The parties stipulated to the following facts:
 1. Plaintiff retired from the Town of Greenwich on an accidental (job related) disability retirement on August 18, 1998.
2. His current monthly pension payment is $2,032.81.
 3. This monthly amount set forth in #2, above, is reduced by $486.94 payable to defendant pursuant to the decree of dissolution awarding Defendant a one-half interest in the pension. Stipulation of CT Page 16561 Facts (#133)
In addition to being employed by the Town as a mason he and his present wife, Maria Dolis Fierro Chiappetta, conducted a landscaping business, working side by side until the plaintiff sustained his job related injury. He also was diabetic and took medication for high blood pressure, experienced headaches and inability to sleep. He continued to supervise but stopped engaging in physical labor. In June, 2000 he turned the conduct of the business over to his wife who has continued to operate the business. A new Sales and Use Tax Permit was issued to her on June 21, 2000 indicating the business started on June 1, 2000, (Defendant's Exhibit P). The plaintiff's Sales and Use Tax Return for period ending 6/30/00 is marked "Final Return" (Defendant's Exhibit U). For the period June through September, 2000 the Chiappetta-Fierro, LLC had total income of $9,600, total expenses of $9,415.68 and a net profit of $184.32. The 1999 IRS Form 1065 partnership return for Anthony Chiappetta Landscaping, LLC lists gross receipts of $49,890 and each partner was able to draw $10,600 from the business for that year (Defendant's Exhibit R). The court notes that the four quarterly sales tax returns total receipts of $25,300 but the difference was not clarified (Defendant's Exhibit S). Although cash receipts, unreported, were hinted at, the defendant failed to prove any such income. Considerable evidence was introduced by the defendant demonstrating that the plaintiff was active in the business during 1999 and early 2000. The plaintiff's present wife stated in answer to counsel's question "This account was closed because my husband was ill. So, in seeing how many houses we were losing in terms of business, I took charge of everything and I opened this account." Transcript, December 14, 2000, page 6. Considerable evidence was introduced concerning gross receipts paid by customers but an order cannot be based on gross numbers. Rather, the court must use net disposable income. The court concludes that the business had been substantially reduced for 2000, attributable to the reduced role of the plaintiff.
The court notes that the plaintiff was engaged in "outside jobs" at the time of the dissolution. His workers compensation claim remains open and he continues to receive his disability retirement payments. He has rental income of $800 monthly from an apartment in his home.
The defendant, who owns and lives at 650 High Ridge Road, Stamford, also has rental income from an apartment therein, reported to be $250 monthly, paid in cash by the tenant. The plaintiff, who built the apartment when he was married to the defendant, described its layout and stated that it was larger than one in his current house. No rental income was listed on the financial affidavits handed in at the commencement of the hearing on October 6, 2000. CT Page 16562
Although the defendant seeks contempt due to late payments, there is no allegation of an unpaid arrears in defendant's motion.
The plaintiff's disability retirement is a substantial change in circumstances, allowing the court to review the existing orders to determine if modification is in order.
The plaintiff receives a gross monthly retirement payment of $1545.87 from which is deducted a health insurance premium of $273.31 which covers both his wife and himself. No breakdown was given, so the amount attributable to plaintiff's wife is unknown. He collects $800 gross monthly rent. His monthly mortgage, including taxes, is $1,458.31.
The defendant has weekly income from a Canadian pension of $24; weekly Social Security of $46; Town of Greenwich retirement weekly of $113.24 ($486.94 mo./4.3 weeks, non-taxable); weekly rent of $58.14 ($250 mo./4.3 wks), time deposits totaling $12,779 for which no income is given but the court imputes $10 weekly or $43 monthly, a total $251.38 weekly or $1080.93 monthly.
The plaintiff's retirement, as an asset of the marriage, was divided and it is inequitable to require the plaintiff to pay part of his share over to the defendant as alimony.
The defendant's motion is denied in all respects. The plaintiff's motion is granted. The periodic alimony order is terminated effective immediately. No retroactivity is ordered. No attorneys fees are allowed to either party.
HARRIGAN, J.